JOHNSON v. CITY OF MUSKOGEE et al.

No. 31752. Sept. 19, 1944.

Rehearing Denied Nov. 21, 1944.

*153 P. 2d 118.*

Charles A. Chandler, of Muskogee, for plaintiff in error.

C. A. Ambrister, of Muskogee, for defendants in error.

BAYLESS, J. David E. Johnson, a resident taxpayer of the city of Muskogee, Okla., instituted an action in the district court of Muskogee county against the city, certain of its officers and three banks seeking to cancel certain municipal bonds and to enjoin the sale of these bonds of the city to the

514

banks, and appeals from a judgment adverse to him.

The evidence consists of the records of the city council relating to the matters involved here, certain other printed documents and letters, and the testimony of certain witnesses. The records and printed matter speak for themselves and do not conflict. There is some conflict between the testimony of the witnesses and the documents but not of sufficient weight to affect the law.

The bonds under attack, according to the transcript furnished the Attorney General for his opinion, were issued for the purpose of enabling the city to acquire property for park purposes, an admittedly legitimate purpose under Schmoldt v. City, 144 Okla. 208, 291 P. 119.

From various items of printed evidence, beginning with the letters from various civic organizations in the city that induced the city to begin consideration of the proposition to issue bonds and including the minutes of the early sessions of the city council wherein the matter was considered and discussed, the plaintiff seeks to show that the true purpose of the city in acquiring the land discussed was to own it and to be in a position to offer it to the federal government as an inducement for the enlarging of the federal hospital facilities now located at Muskogee or to establish or locate a new, similar facility. See Reid v. City, 137 Okla. 44, 278 P. 339, and Borin v. City, 190 Okla. 519, 125 P. 2d 768.

The trial court made findings of fact and conclusions of law wherein he found contrary to the implications raised by the items of evidence mentioned in the preceding paragraph.

Plaintiff relies on the Borin Case, supra, to establish error in the trial court's ruling. City attempts to distinguish the Borin Case, and relies on the Reid Case, supra, and other Oklahoma cases cited in the decision in that case.

In the instant case, it is true that various civic organizations were of the opinion that the bonds should be voted and lands be purchased near the Veterans Hospital so that if and when the Veterans Hospital should desire to expand its facilities, the land would be available for that purpose, and it is also true that certain city officials were in harmony with this idea, and acted accordingly.

The decisions of this court have been uniform in approving bond elections and bond issues (1) where the purpose was a legitimate municipal function; (2) where that purpose was plainly stated in the election proclamation, and (3) where legal formalities were observed. Extraneous evidence has not been allowed to overcome the purpose expressed in the formal proceedings. This does not mean that constitutional limitations on the use of the money thus raised can be ignored. Those decisions stand for the rule that the purpose stated in the bond election proclamation, manifested elsewhere in the transcript, was accorded the status of good faith. If it should thereafter be attempted to use the money for purposes that were violative of this stated purpose appropriate remedies are available.

We are of the opinion that the reasoning in the Borin v. City of Eric Case, supra, is not applicable to the fact situation in the present case for the reason that in the Borin Case, supra, the records of the city constituting a portion of the transcript affirmatively disclosed the plan agreed upon by which it could be seen that the plan to be carried out differed therefrom, whereas in the present case there is nothing in the records before us to indicate that it is the intention of the city council to use this land in violation of the stated purpose. Section 102, art. 9, Muskogee Charter, provides, in substance, that all property set aside for park purposes can be disposed of only by a vote of the people, and even had there been some indication or discussion proposing, in substance, that the property was to be donated to the Veterans Hospital, the people, under the charter provisions,

still retained the right to either approve or disapprove such action. Another distinction between this case and the Borin Case is that the record does not disclose that the Veterans Administration had ever suggested or indicated that its hospital facilities at Muskogee were to be expanded. Therefore, any idea of donating the land to the hospital is speculative.

The city officials at no time submitted any publicity indicating that the hospital would be expanded or that the lands so purchased were to be donated to the Veterans Hospital.

The record before us does not present anything that necessitates a discussion of the effect of the plans discussed for donating this land rather than retaining and using it for a city park. It is true that suggestions were made that the land could or should be acquired under the guise of park property with the reserved and unexpressed intention to later give it away. But it is also a part of the minutes of the early meetings that the city attorney called attention to legal barriers to giving this land away, and advised that he was studying plans w h e r e b y a charter amendment could be submitted to be voted on at the same election which would remove such barriers. It is significant that no such proposal was included in the election procedure. Since the city council was advised of these barriers and was told how they could be removed, we cannot assume from this record that the city council chose not to submit directly to the voters the proposition of removing these barriers, but instead submitted the proposition contained in the transcript with a reserved but unexpressed intention to evade the barriers. The presumption required is that of good faith, not the contrary.

It is also contended that the bonds are illegal because the city failed to provide for the payment thereof or the interest thereon, as required by section 27, art. 10, Constitution of Oklahoma. It is argued that the ordinance adopted covering this aspect was not adopted

in conformity with the provisions of the city charter. It is pointed out by the city that plaintiff's premise is at fault in the facts recited, and that while the ordinance contains an emergency clause, it was not adopted as an emergency ordinance on the day it was introduced, but was adopted in regular course several days after it was introduced. We think the city is correct in citing and relying on Whitson v. City of Kingfisher, 176 Okla. 145, 54 P. 2d 616, even if plaintiff's fact basis had been sound.

The judgment is affirmed.

CORN, C.J., GIBSON, V.C.J., and WELCH, DAVISON, and ARNOLD, JJ., concur. RILEY and HURST, JJ., concur in conclusion.

---

RILEY, J. (concurring specially). I am of the opinion that paragraph 1 of the syllabus of the majority opinion herein does not fully embrace the facts. Public records and minutes of the city council of the city of Muskogee show that civic groups submitted to the city council a proposition for the issuance of bonds for the purchase of lands which lands would be transferred to a federal agency to aid in extension of its hospital facility.

The official planning board of the city's governing body reported to the city council approval of the whole purpose. The report was officially adopted and it was officially decided that "steps be taken to set the proper machinery in motion for the $100,000 bond issue" for the whole purpose presented and officially approved. But upon being advised by the city attorney, it was officially decided "to handle this as a park proposition, and that it would require a vote of the people in order to dispose of park land." In the ordinance calling the election or in the ballot submitted to the voters, on the bond proceeding approved by the Attorney General, as in the Borin Case, 190 Okla. 519, 125 P. 2d 768, the whole purpose was not mentioned. Herein as therein, it was the official record of the governing body of the city that showed the aid to be rendered the co-sovereign government.

516

In the cited case, the agreed statement of facts showed the minutes of the city council which, in turn, showed the whole purpose required by section 16, art. 10, Const., to be specified in the laws authorizing the issuance of municipal bonds. Therein, by the ordinance of submission, the whole purpose was not stated. Mention was merely made in the ordinance to issue the municipal bonds in the amount of $60,000 to build a municipally owned light plant, whereas the officially adopted plan and purpose, as shown, not by the bond proceeding aforesaid, but by the records of the city council, was to vote bonds in the amount stated to match federal aid in the amount of $50,000 to build the plant. The federal aid failed. This court, prior to sale of the bonds, rendered, by judgment, the bonds invalid. The reason expressed in the opinion was the constitutional requirement, intended to protect the taxpayer from voting for a whole project only to receive another for which taxpayer would be required to pay. I think that judgment sound. It is not, however, decisive of the case at bar.

One of the outstanding features of the city of Muskogee is the Veterans Hospital. It is a federal institution affording proper civic pride. The city owned lands adjacent to the hospital. There were some negotiations between civic groups and agencies of the federal government to transfer that land to the federal agency for extension of the hospital facility. For the proposed transfer, provisions of the city charter require sanction of the citizens at an election. The official record, minutes of the city council, shows a proposition officially entertained to acquire other lands by a bond issue for park purposes, at one election, to be restricted under the law, to taxpaying citizens, and another election to be held in the future upon the remainder of the proposition of transferring such bonds to the federal agency so that the hospital facility may be extended.

Decision at the ballot box upon that part of the whole purpose embracing the proposed transfer of land to be presently acquired was thought not to be restricted to taxpaying voters but extended to the whole of the citizenship. I know of no reason why elements of the whole proposition may not be separately presented to the voters. More than the one reason stated suggests the necessity for so doing, e.g., How could lands of parks be sold or transferred when not presently owned?

No fraud was perpetrated upon the citizenship of Muskogee by division of the whole proposition, the submission of a part of it, and reservation of the remainder. The required majority of the taxpaying voters of the city having voted the bonds for the purpose "submitted to them in . . . specific language as to appraise the voters of the full purpose and the exact and particular thing upon which they . . . (were) called upon to vote and decide," O'Neil Eng. Co. v. Incorporated Town of Ryan, 32 Okla. 738, 124 P. 19, to wit, the issuance of municipal bonds in a sum certain with which to purchase bonds for parks, I find no good reason why the remainder of the whole proposition shown by the public records of the city might not be reserved for future decision by the citizenship nor why the bonds ordered to issue and approve are not in all respects valid and binding obligations.

Therefore, upon the decision I concur in conclusion.